## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF 296-12 |
| | ) |
| | ) DECISION AND ORDER |
| v. | ) Defendant's Motion to Reconsider |
| | ) |
| PATRICK M. CASTRO, | ) |
| DOB: 10/01/1975 | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on September 16, 2014 on Patrick M. Castro's ("Defendant") Motion to Reconsider. William B. Pole, Esq. represented the Defendant. Assistant Attorney General Nicole D. Driscoll represented the People of Guam ("the People"). Assistant Public Defender Pablo M. Aglubat[1] was also present and represented by Assistant Public Defender Maria G. Fitzpatrick. Following the hearing, the Court took the matter under advisement. Upon review of the oral and written arguments along with legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

The Court adopts the same background information contained in its July 10, 2014 Decision and Order as follows: Defendant was indicted on May 11, 2012 on the following charges: (1) Theft by Receiving Stolen Property (As a 2nd Degree Felony); (2) Theft by

---

[1] Assistant Public Defender Aglubat was Defendant's previous counsel.

ORIGINAL

Receiving Stolen Property (As a 2nd Degree Felony); (3) Theft by Receiving Stolen Property (As a 2nd Degree Felony); and (4) Theft by Receiving Stolen Property (As a 3rd Degree Felony). Indictment (May 11, 2012). He was arraigned on May 16, 2012 where he entered a plea of not guilty and asserted his right to speedy trial. Super. Ct. of Guam Minute Entry Log No. 14850 (May 16, 2012). On June 25, 2012, the Defendant waived his right to speedy trial. Assertion or Waiver of Speedy Trial & Request for Jury of Twelve in Felony Case (June 25, 2012). Although the Court was prepared to go to trial on July 12, 2012, the parties informed the Court that they had reached a resolution. Transcript JDAASCRA (July 12, 2012) at 1:06:13 p.m. The Defendant agreed to plead guilty to two counts of Theft by Receiving Stolen Property (As a 2nd Degree Felony) in exchange for his cooperation against Irvin White, the defendant in CF 837-12. Id. at 3:03:09 p.m. The plea agreement was filed on July 19, 2012.

On December 10, 2012, the Defendant informed the Court that he could not continue forward with his plea agreement and that he wished to have another attorney assigned to his case. Transcript JDAASCRA (Dec. 10, 2012) at 10:27:33 a.m. On February 19, 2013, the Office of the Public Defender filed its Motion to Withdraw as Attorney of Record, and that same day, the People filed its Non-Opposition to Motion. Eventually, this case was assigned to Attorney William B. Pole on July 9, 2013. Notice of Court Appointed Counsel (July 10, 2013).

On August 29, 2013, the Defendant filed his Motion to Vacate Plea Agreement Pursuant to Contract Law, and on September 17, 2013, the Defendant filed his Motion to Vacate Plea Agreement Pursuant to the Plea Not Being Made Voluntarily, Knowingly, and Intelligently. The People filed their opposition on October 22, 2013, and this Court heard the matter on December 23, 2013. This Court subsequently issued its Decision and Order on February 23, 2014 denying both of Defendant's motions.

On July 10, 2014, the Court also denied Defendant's Motion to Reconsider. However, the Court set an evidentiary hearing to allow Defendant the opportunity to address his claim of ineffective assistance of counsel. The Court heard the matter on September 16, 2014, and took the matter under advisement after hearing testimony from the Defendant. The Court now issues this Decision and Order.

## DISCUSSION

The Local Rules of the Superior Court of Guam provide the grounds on which a motion may be renewed:

> (1) [A] material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CR 1.1(d).

The Court has already ruled on this matter in its July 10, 2014 Decision and Order.

Defendant now claims ineffective assistance of counsel as grounds for vacating the plea agreement. A claim of ineffective assistance of counsel is not an offense charged in a criminal action, it is a claim of error in the trial proceedings. See People v. Angoco, 2004 Guam 11 ¶ 21. Defendant testified that he entered the plea of guilty in order to prevent his girlfriend from getting charged with an offense. Transcript JDAASCRA (Sep. 16, 2014) at 3:14:38 p.m. In a similar unpublished case, Boscan v. United States, 898 F.2d 153 (6th Cir. 1990), Defendant Juan Boscan filed a motion to vacate his sentence because he alleged that his plea was involuntary and

because the prosecution used his girlfriend as a chip to influence his plea, and because he received ineffective assistance of counsel. He further alleged, *inter alia*, that the Court did not 1) address him personally about the case; 2) inquire whether defense counsel had made any promises to him outside of the plea; and 3) develop the legal and factual basis for the guilty plea. The court found that Boscan's plea was voluntarily entered with a full understanding of the direct consequences of the plea. The court also found that defense counsel had not rendered deficient performance.

After reviewing the record, and in consideration of the arguments and legal authorities presented by the parties, this Court finds that Defendant was informed of his right to confront and cross-examine witnesses. Defendant was advised of his privilege against self-incrimination and the prosecution was required to prove guilt beyond a reasonable doubt. Moreover, the plea agreement was read, and the Court informed Defendant of the maximum possible penalty the Court could impose. Defendant stated that he was satisfied with counsel's performance and that he was pleading guilty of his own free will. Defendant also admitted that at the time of the Change of Plea, he acknowledged that there were no promises outside what was contained in the Plea Agreement. Transcript JDAASCRA (Sep. 16, 2014) at 4:14:46 p.m. Thus, the record clearly establishes that Defendant's plea was voluntary. Accordingly, the Court does not find Defendant's previous counsel to have rendered deficient performance.

/ / /

/ / /

/ / /

/ / /

/ / /

ORIGINAL

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Reconsider on the basis of ineffective assistance of counsel.

_Further Proceedings_ is set for _1/19/15_ at _9 a.m._

**SO ORDERED** this __1__ day of DECEMBER, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of

W. Pole

Date: 12/1/14  Time: 4:14p

Clerk, Superior Court of Guam

ORIGINAL